UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAYMOND DEAN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00240-JPH-MJD |
| | ) | |
| SCOTT L. MOATS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT, DISMISSING DEFICIENT CLAIMS,
DENYING MOTIONS TO STAY PROCEEDINGS, AND
GRANTING MOTION FOR OPPORTUNITY TO AMEND COMPLAINT**

Raymond Dean Brown filed this complaint alleging that the defendants were deliberately indifferent to his atrial fibrillation, causing him to suffer a stroke. The complaint is now subject to screening.

**I.     Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

## II.     The Complaint

The complaint names seven defendants: (1) Dr. Scott Moats; (2) Dr. Mark D. Jackson; (3) Dr. William E. Wilson; (4) Dr. David Lukens; (5) Dr. Elizabeth Trueblood; (6) Dr. Donald Auxier; and (7) Dr. Chiag Patel.

In the complaint, Mr. Brown alleges that he was in custody at FCI Pekin, a federal prison in Pekin, Illinois, from 2008 through 2015. In August 2010, he suffered from gastrointestinal bleeding and was diagnosed with atrial fibrillation—a rapid and irregular heartbeat. Mr. Brown and Dr. Moats discussed possible surgery to treat the atrial fibrillation, and Dr. Moats referred him to cardiologist Dr. Jackson. Dr. Jackson recommended that Mr. Brown see an electrophysiologist. Dr. Moats made the request, and it was approved in April 2012. But Dr. Moats later cancelled the electrophysiologist appointment and never rescheduled it. Mr. Brown told Dr. Jackson, who did nothing. Dr. Jackson and Dr. Moats also failed to provide prescription anticoagulation medication. In October 2015, Mr. Brown suffered a stroke and was transferred to FCI Terre Haute, a federal prison in Terre Haute, Indiana. After the transfer, Dr. Jackson and Dr. Moats were no longer involved in his treatment.

In Terre Haute, another doctor recommended that Mr. Brown have a surgical consult with an electrophysiologist. The appointment was scheduled for December 2015, but Dr. Wilson cancelled it. Yet another doctor then recommended an electrophysiologist consultation, and Mr. Brown underwent unsuccessful surgery in September 2017. The electrophysiologist recommended another surgery in nine months. Mr. Brown had cardiac surgery on December 29, 2018. Another electrophysiologist consultation was scheduled for February 2019, but Dr. Wilson cancelled it and never rescheduled.

In December 2018, Mr. Brown began experiencing vision loss. Dr. Auxier examined him and diagnosed possible ischemic strokes. The vision loss worsened, and optometrist Dr. Patel recommended cataract surgery. In preparation for surgery, on June 25, 2019, Dr. Patel stopped Mr. Brown's anticoagulation medication. Dr. Wilson, Dr. Trueblood, and Dr. Lukens did not override that decision. After cataract surgery on July 1, 2019, Mr. Brown reported additional vision loss to Dr. Wilson, Dr. Trueblood, Dr. Auxier, and Dr. Lukens. Mr. Brown repeatedly notified Dr. Patel about the vision loss, and on July 12, 2019, Dr. Patel performed a field of vision test. Based on the results, Dr. Patel recommended hospitalization. In February 2020, Mr. Brown had successful surgery that resolved his atrial fibrillation.

Mr. Brown alleges that each defendant was deliberately indifferent to his serious medical needs. He seeks $4 million in damages.

### III.   Screening

Because Mr. Brown sues federal officials in their individual capacities for alleged constitutional violations, his claims are necessarily brought under the doctrine of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

#### A.   Claims to be dismissed

Mr. Brown's claims against Dr. Moats and Dr. Jackson are **DISMISSED** as frivolous because they are untimely based on the face of the complaint. Timeliness is an affirmative defense usually to be raised in a motion to dismiss, but a complaint may be dismissed sua sponte if "the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous." *Muhammad–Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (internal quotation omitted)); *see also Koch v. Gregory*, 536 F. App'x 659, 660 (7th Cir. 2013) (when complaint's allegations plainly show it is untimely, dismissal under § 1915A is appropriate).

"The statute of limitations for *Bivens* claims against federal officers is the same as for [42 U.S.C.] § 1983 actions against state officers: both periods are borrowed from the state in which the alleged injury occurred." *Cesal*, 851 F.3d at 721−22. "The pertinent Indiana Statute of limitations is two years." *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013) (citing Ind. Code §34–11–2–4).

Here, Dr. Moats and Dr. Jackson treated Mr. Brown at FCI Pekin until October 2015, when he was transferred to FCI Terre Haute. After that, they were no longer involved in his medical care, so any claims against them accrued for statute of limitations purposes in October 2015, and the limitation period expired in October 2017. *See Ajala v. Univ. of Wisc. Hosp. and Clinics*, 836 F. App'x 447, 453−54 (7th Cir. 2020) (statute of limitations for deliberate indifference claim began running when plaintiff was transferred to another prison); *Chambers v. Cross*, 788 F. App'x 1032, 1033−34 (7th Cir. 2019) (same).

Mr. Brown argues that Dr. Moats and Dr. Jackson's actions were part of a continuing violation by Federal Bureau of Prisons medical staff. Dkt. 1 at 5. But a defendant may only be held liable for deliberate indifference based on his own acts and omissions. *Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017). Once Mr. Brown was transferred away from FCI Pekin, "any course of deliberate indifference by [Dr. Moats and Dr. Jackson] was complete, as they were no longer personally responsible for his treatment decisions." *Chambers*, 788 F. App'x at 1034 (cleaned up) (rejecting "ongoing violation" argument and holding that statute of limitations began to run when plaintiff was transferred from one federal prison to another).

### B. Claims to proceed

Mr. Brown's Eighth Amendment deliberate indifference claims against Dr. Wilson, Dr. Lukens, Dr. Trueblood, Dr. Auxier, and Dr. Patel **SHALL PROCEED**. These are the only viable claims identified in the complaint. All other claims are **DISMISSED**.

### IV. Motions to Stay and Motion for Opportunity to Amend

Mr. Brown's motions to stay proceedings, dkt. [4], dkt. [13], and dkt. [14], are **DENIED**. Mr. Brown's complaint has been screened, and the Court will assist him with service of process. After the defendants are served, they must file responsive pleadings or motions. There is nothing for Mr. Brown to do at this time.

Mr. Brown's motion for opportunity to amend his complaint, dkt. [3], is **GRANTED** to the extent that Mr. Brown may amend his complaint once as a matter of course from now until 21 days after the defendants have filed an answer or motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). After that, Mr. Brown may file an amended complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

### V. Directing Issuance of Service and Process

Mr. Brown's Eighth Amendment deliberate indifference claims against Dr. Wilson, Dr. Lukens, Dr. Trueblood, Dr. Auxier, and Dr. Patel **SHALL PROCEED**. His claims against Dr. Moats and Dr. Jackson—and any other claims not identified—are **DISMISSED**.

The **clerk is directed** to terminate Scott Moats and Mark D. Jackson as defendants on the docket.

The **clerk is directed** to issue process to defendants Dr. William E. Wilson, Dr. David Lukens, Dr. Elizabeth Trueblood, Dr. Donald Auxier, and Dr. Chiag Patel. Because Mr. Brown is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Fed. Bur. of*

*Narcotics*, 403 U.S. 388 (1971), personal service is required. *Robinson v. Turner*, 15 F.3d 82, 84 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint, dkt. [1], and a copy of this Order, on the defendants and on the officials designated pursuant to Fed. R. Civ. P. 4(i)(2), at the expense of the United States.

**SO ORDERED.**

Date: 11/17/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RAYMOND DEAN BROWN
06770-091
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
Southern District of Indiana
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204