```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF INDIANA
                    TERRE HAUTE DIVISION
```

| | |
|---|---|
| RAYMOND DEAN BROWN, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:21-cv-00240-JPH-MJD |
| WILLIAM E. WILSON, et al., | ) |
| Defendants. | ) |
| UNITED STATES OF AMERICA, | ) |
| Interested Party. | ) |

## ORDER GRANTING DR. AUXIER'S AND DR. PATEL'S MOTIONS TO RECONSIDER OR DISMISS

Plaintiff Raymond Dean Brown, an inmate in the Federal Bureau of Prisons, filed this complaint alleging that the defendants were deliberately indifferent to his atrial fibrillation, causing him to suffer a stroke. The Court screened Mr. Brown's amended complaint, allowing claims to proceed against several defendants, including Dr. Donald Auxier and Dr. Chiag Patel, under the theory recognized in *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). Dr. Auxier moved to reconsider the screening order and, alternatively, to dismiss the claims against him for lack of jurisdiction; Dr. Patel also moved to dismiss for failing to state a claim. Because Mr. Brown has not alleged a claim against either defendant upon which relief may be granted, Dr. Auxier and Dr. Patel's motions are **GRANTED** and the claims against them are **DISMISSED**.

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### II. Mr. Brown's Claims Against Dr. Auxier and Dr. Patel

In the amended complaint, Mr. Brown alleges that Dr. Auxier "works as a BOP Contract Provider for Optometry at FCI Terre Haute" and is his "in-house treating Optometrist." Dkt. 54 at 19. He alleges that Dr. Patel is "some type of contract provider for Health Services at FCI Terre Haute." *Id.* at 22.

Mr. Brown alleges that both Dr. Auxier and Dr. Patel were deliberately indifferent to his stroke symptoms, particularly his vision loss. *Id.* at 19−26.

### III. Discussion

#### A. *Bivens*

When a person acting under color of state law violates another person's federal constitutional rights, 42 U.S.C. § 1983 provides a cause of action. But there is no analogous statutory right of action against someone acting under color of federal law. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

The Supreme Court has recognized an implied cause of action against federal employees in three specific circumstances. *See Bivens*, 403 U.S. at 397 (unreasonable search and seizure in violation of the Fourth Amendment); *Davis v. Passman*, 442 U.S. 228, 249 (1979) (gender discrimination in federal employment); *Carlson v. Green*, 446 U.S. 14, 24 (1980) (deliberate indifference to prisoner's serious medical needs in violation of the Eighth Amendment). But this implied cause of action does not extend to individuals who are not federal employees or agents, even if they acted under color of federal law.[1] *Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (declining to extend *Bivens* remedy to claims against employees of privately run prison for alleged deliberate indifference to a serious medical condition in violation of the Eighth Amendment).

Mr. Brown argues that Dr. Auxier and Dr. Patel function as "de facto" federal employees and therefore should be subject to suit under *Bivens*. Dkt. 76 at 4−5; dkt. 79 at 2−4. He seeks discovery to further develop this argument. Dkt. 76 at 2; dkt. 79 at 3−4. But discovery will not help, because his argument is foreclosed by *Minneci*. As the Supreme Court explained, there is no basis for extending *Bivens* beyond federal employees because "[p]risoners ordinarily *cannot* bring

---

[1] Mr. Brown analogizes to 42 U.S.C. § 1983 case law and argues that Dr. Auxier acted "under color of" federal law. Dkt. 76 at 10−12. But a defendant acting "under color of federal law" is not enough for Courts to recognize a *Bivens* cause of action. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (declining to extend *Bivens* "to confer a right of action for damages against private entities acting under color of federal law").

3

state-law tort actions against employees of the Federal Government," but they "ordinarily *can* bring state-law tort actions against employees of a private firm." *Minneci*, 565 U.S. at 126; *see Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) ("If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020))).

Accordingly, the defendants' motions to reconsider, dkts. [58] and [64], are **GRANTED**. Mr. Brown's *Bivens* claims against Dr. Auxier and Dr. Patel are **DISMISSED** for failure to state a claim upon which relief may be granted.

### B. 42 U.S.C. § 1983

Mr. Brown argues that his claims against Dr. Auxier and Dr. Patel should be allowed to proceed under 42 U.S.C. § 1983, which provides a right of action when a person's constitutional rights are violated by someone "[acting] under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." But Mr. Brown has not alleged any facts from which the Court could conclude that either defendant acted under color of state law. His conclusory assertion that they are both "State Actors" is not enough, dkt. 54 at 27, particularly where he also alleges that they are private contractors working under a contract with the Federal Bureau of Prisons.

In response to the motions, Mr. Brown argues that Dr. Auxier and Dr. Patel acted under color of Indiana law because they cannot practice medicine in Indiana without state-issued medical licenses. Dkt. 76 at 14−15; dkt. 79 at 4−7. But a person does not act under color of state law merely because she is subject to state regulation. Instead, "'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). "Without a limit such as this, private

4

parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Lugar*, 457 U.S. at 937.

Accordingly, Mr. Brown's 42 U.S.C. § 1983 claims against Dr. Auxier and Dr. Patel are likewise **DISMISSED**.

### IV. Conclusion

Dr. Auxier's and Dr. Patel's motions to reconsider or dismiss, dkts. [58] and [64], are **GRANTED**. All claims in the amended complaint against defendants Dr. Auxier and Dr. Patel are **DISMISSED**.

The **clerk is directed** to terminate Drs. Auxier and Chiag Patel as defendants on the docket. No partial final judgment will issue at this time.

**SO ORDERED.**

Date: 10/26/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RAYMOND DEAN BROWN
06770-091
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Alex Maurice Beeman
REMINGER CO. LPA (Evansville)
abeeman@reminger.com

William W. Drummy
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
wwdrummy@wilkinsonlaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov