UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAYMOND DEAN BROWN, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:21-cv-00240-JPH-MJD |
| WILLIAM E. WILSON, et al., | ) |
| Defendants. | ) |
| UNITED STATES OF AMERICA, | ) |
| Interested Party. | ) |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Raymond Dean Brown, an inmate in the Federal Bureau of Prisons ("BOP"), brought this *Bivens* action against several individual medical providers alleging that they were deliberately indifferent to his atrial fibrillation, causing him to suffer a stroke. Now Mr. Brown has filed a motion for preliminary injunction or temporary restraining order seeking to prevent the BOP from retaliating against him by transferring him to another facility until this case is resolved.

Given the nature of the relief sought, the motion is best construed as a motion for preliminary injunction. *See Decker v. Lammer*, No. 21-1328, 2022 WL 135429, *2 (7th Cir. Jan. 14, 2022) (citing Fed. R. Civ. P. 65(b)(2)) (because relief sought would extend past the 14 days permitted for a temporary restraining order, motion was properly treated as a request for a preliminary injunction).

1

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court will not address the three threshold elements because the preliminary injunctive relief Mr. Brown seeks is unrelated to his claims and cannot be provided by the Defendants to this case.

"A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). It is not appropriate when "it deals with a matter lying wholly outside the issues in the suit." *Id.*; *see Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)). Moreover, "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)).

Here, Mr. Brown brings a *Bivens* claim related to past medical care. The Defendants are medical doctors who have no power over Mr. Brown's housing assignment. His motion for preliminary injunction, in contrast, relates to anticipated retaliation by BOP staff.

Because Mr. Brown's request for injunctive relief is outside the scope of the claims proceeding in this action and seeks a court order directing the conduct of non-defendants, the motion for preliminary injunction, dkt. [132], is **DENIED**.

**SO ORDERED.**

Date: 8/3/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

RAYMOND DEAN BROWN
06770-091
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808